### ENTERPRISE MFG. CO. v. LANDERS, FRARY & CLARK.

(Circuit Court of Appeals, Second Circuit.   June 2, 1904.)

#### No. 168.

1. UNLAWFUL COMPETITION—INJUNCTION.

Where defendants admitted that they were manufacturing and selling mills in competition with complainant's mills, and had used parts of complainant's mills as patterns wherever it was convenient or profitable to do so, and that they were now making and selling mills which in effectiveness and attractiveness were the same goods as those sold by complainant, such competition was unlawful, entitling complainant to an injunction.

2. SAME—DECREE.

Where in a suit to restrain defendants from selling certain grinding mills, on the ground of unlawful competition, the answer averred that, in addition to the manufacture and sale of similar mills by defendants, defendants also intended to make other mills which will be substantially the same goods as other classes of mills made and' sold by complainant, a decree enjoining defendants from selling "any grinding mills having the characteristic shape, design, color, and ornamentation of the grinding mills sold by complainant, and referred to by the numbers 0, 1, 2," etc. (giving 15 numbers), was justified, though there was no proof of any sale of mills corresponding in size to such numbers.

Appeal from the Circuit Court of the United States for the District of Connecticut.

For opinion below, see 124 Fed. 923.

This cause comes here upon appeal from a decree of the Circuit Court, District of Connecticut, restraining defendants from unfair competition in trade, and for an accounting. Complainant and its predecessors have for 30 years been engaged in the manufacture and sale of a line of mills for grinding coffee, drugs, etc., of varying sizes; adopting therefor a certain characteristic shape, design, color, and ornamentation, which have become well known to purchasers, and associated in their minds with the goods of complainant. In 1898, or thereabouts, the defendants began to make and offer for sale similar mills, and, upon discovery thereof, this suit was brought.

E. D. Robbins, for appellants.

Charles Howson, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

¶ 1. Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Larc v. Harper & Bros., 30 C. C. A. 376.

See Trade-Marks and Trade-Names, vol. 46, Cent. Dig. § 79.

LACOMBE, Circuit Judge. This is a most aggravated case of unfair trading. Usually in these cases the defendants so dress their goods as to present a number of points of difference, on which they rely when charged with intent to deceive; insisting that, although there may be resemblances, the differences are so great as to preclude any idea that they had sought to produce confusion. Here, on the contrary, they have not only conformed their goods to complainant's in size and general shape, which was to be expected, but also in all minor details of structure—every line and curve being reproduced, and superfluous metal put into the driving wheels to produce a strikingly characteristic effect—while the goods are so dressed with combinations of color, with decorations reproduced or closely simulated, with style of lettering and details of ornamentation, that, except for the fact that on the one mill is found the complainant's name, and on the other the defendants', it would be very difficult to tell them apart. It is elementary law that, when the simulation of well-known and distinctive features is so close, the court will assume that defendants intended the result they have accomplished, and will find an intent to appropriate the trade of their competitor, even though in their instructions to their own selling agents they may caution against oral misrepresentations as to the manufacture of the goods. There is evidence to show that purchasers have been deceived as to the identity of these mills, but, in the case of a Chinese copy, such as defendants offer to the public, such proof is hardly needed.

It is to defendants' credit that, when confronted with the charge of copying, they have not denied it, nor asserted that they were trying to differentiate their own products. On the contrary, they admit that they "concluded they could profitably manufacture this same line of hardware and sell it in competition with the Enterprise Company," and accordingly commenced the manufacture thereof, "using parts of mills sold by the Enterprise Company as patterns wherever it was convenient or profitable to do so," with the result that they are "now making and selling coffee mills which in all substantial respects, and especially in their effectiveness in use and attractiveness, are the same goods as those made and sold by the Enterprise Company."

No doubt, with such identity in attractiveness, competition with complainant's mills would be much more effective; but defendants overlooked the fact that a court of equity will not allow a man to palm off his goods as those of another, whether his misrepresentations are made by word of mouth, or, more subtly, by simulating the collocation of details of appearance by which the consuming public has come to recognize the product of his competitor.

The decree enjoined the sale of mills of seven sizes which had been already offered for sale, and further enjoined the sale of "any grinding mills having the characteristic shape, design, color, and ornamentation of the grinding mills sold by complainant, and referred to by the numbers 0, 1, 2," etc. (giving 15 numbers). Although there was no proof of any sale of mills corresponding in size to these numbers, the decree as to them was warranted by the answer, which avers that "defendant also intends to make other mills which will be sub-

131 F.—16

stantially the same goods as other classes of mills made and sold by the Enterprise Company."

The decree of the Circuit Court is affirmed, with costs.