CLEVELAND FOUNDRY CO. et al. v. SILVER & CO.

(Circuit Court of Appeals, Second Circuit. February 8, 1905.)

1. PATENTS—INFRINGEMENT—OIL BURNERS.

The question of infringement of the Jeavons patent No. 475,401, for an oil burner, by the device of a subsequent patent, *held* too doubtful on the evidence to warrant the granting of a preliminary injunction.

Appeal from the Circuit Court of the United States for the Southern District of New York.

The following is the opinion of the Circuit Court, by COXE, Circuit Judge:

The patent in controversy is No. 475,401, granted to William R. Jeavons, May 24, 1892, for an improvement in oil burners. The first claim of this patent, the only one in suit, was recently sustained by the Circuit Court of Appeals for the Sixth Circuit. Cleveland Foundry Co. v. Detroit Vapor Stove Co. (C. C. A.) 131 Fed. 853.

There is, therefore, no question as to the validity of the claim. It was admitted by the defendant at the argument that no defense challenging the validity of the patent is open in the Circuit Court, unless new facts are adduced. The defense of noninfringement is, therefore, the only one to be considered. This question was not discussed in the Detroit Vapor Stove Case for the reason that it was not there an issue. In this respect the Detroit Case is the direct converse of the case at bar. There, the validity of the patent was disputed and infringement admitted, here the validity of the patent is admitted and infringement disputed.

In the Detroit Case gasoline was used in the infringing stove and the asbestos strand needed for initial lighting, when heavy oils are employed, was dispensed with.

The claim is as follows:

"A hydrocarbon vapor burner consisting of a vapor holder constructed for the free and uniform distribution of the vapor therein by gravity and having a free opening for the escape of vapor, in combination with perforated combustion walls having a flame space between them in communication with the said holder, substantially as described."

The prior litigation established beyond dispute that the burner of the claim must possess the following characteristics:

First. It must be wickless; the asbestos ring of the description and drawings being used not as a wick but as a starting or lighting ring, when heavy oils are used. If light oils, such as gasoline are used, it may be omitted altogether.

Second. The oil must be converted into vapor at or near the point where it enters the trough, by exposing the oil to the heated surface of the holder.

Third. The vapor must be distributed by gravity constantly and evenly to the points where it is utilized to support combustion, so that, if the channel be circular, the vapor will run around on both sides of the channel from about the point of the supply tube, where the oil is vaporized, and rise gradually to a uniform level.

The defendant insists that it does not infringe because its stoves possess none of these elements and characteristics. It is said that the patent covers a vapor burner incapable of operation if kerosene be used as a fuel, but adapted to use gasoline or other volatile hydrocarbon fluids, and that the defendant's device employs a kerosene oil-wick burner similar in all respects, so far as the theory of operation is concerned, to an ordinary oil lamp.

If this be the correct view there can be no doubt that the motion should be denied. I am, however, compelled to the conclusion that it is incorrect and for the following reasons:

First. The patent clearly recognizes the use of both kerosene and gasoline. This is demonstrated by quotations from the description, as follows:

"Either the heavier or the lighter hydrocarbons may be used with this construction of burner. * * * If light oils are used, such as gasoline, etc., which in themselves are inflammable, the asbestos strand may be left out; but with heavy oils * * * it is necessary to produce an initial flame. In operation, say with kerosene oil, which in itself is not inflammable at ordinary temperature, oil is admitted to the absorbent, which absorbs some of it and which can be ignited as a wick."

Second. The defendant does not use the wick of the prior art—the ordinary lamp wick—but does use the asbestos strand of the patent. This strand differs in size and shape from the lighting ring L of the specification, it is probably an improvement upon the ring L, but that it performs the functions described when heavy hydrocarbons are used is established beyond serious doubt.

Third. The experts differ widely as to the operation of the defendant's ring, but the officers of the defendant, prior to the commencement of this action, seem to have had the same understanding as to the work performed by it as is now entertained by the complainants and their expert. The defendant's stove is advertised and sold under the name of "Wickless." In the printed directions for use the ring is not called a wick, but "the asbestos lighting ring" and "the asbestos strip." In a patent granted to the defendant, as assignee of William H. Silver, May 9, 1899, which, apparently, is the patent under which the defendant is operating, the burner is referred to as "of the wickless variety, having an oil cup within which a starting ring of asbestos provides for heating the cup and igniting the oil."

Fourth. Although it may not be proved conclusively that in the defendant's structure vapor is formed which is distributed by gravity evenly around the trough, yet I cannot avoid the conclusion that the great preponderance of testimony points in this direction. The experiments made in court, though not as conclusive and satisfactory as could be desired, seemed to indicate that the defendant's device is a vapor and not a wick burner.

If the defendant be correct in asserting that it employs a wick which is the equivalent for, and can be used interchangeably with, the old capillary wick of an oil lamp, it cannot be seriously injured by an injunction, for such an old wick can easily be substituted. If, on the other hand, the defendant uses a vapor burner it is appropriating the complainants' invention.

The motion is granted.

NOTE. It is probable that the question of infringement can be finally determined as well upon the present record as upon the record at final hearing. Should the defendant appeal from the order and speedily perfect the appeal, a motion will be entertained to suspend the issuing of the writ.

Stephen J. Cox, for appellant.

John R. Bennett, Thomas W. Bakewell, and Clarence P. Byrnes, for appellees.

PER CURIAM. We think the question of infringement too doubtful to warrant the granting of injunction in advance of final hearing.

Order reversed.