WEST DISINFECTING CO. et al. v. FRANK et al.

(Circuit Court, S. D. New York. June 19, 1906.)

1. PATENTS—DESIGNS.
    Design patents are granted for appearance, and not with reference to mechanical usefulness.

2. SAME—INFRINGEMENT—CASE FOR DISINFECTANT.
    The Taussig design patent, No. 33,633, for a design for a casing for disinfecting apparatus is valid, the peculiar contour of the patent rendering the device attractive to users. Also *held* infringed.

In Equity. On final hearing.

Harold S. Mackaye and William H. Kenyon, for complainants.
George L. Wheelock and Louis C. Raegener, for defendants.

HAZEL, District Judge. The bill herein charges infringement of a design patent, No. 33,633, of December 4, 1900, for a casing for disin-

fecting apparatus to Emil Taussig, of which complainant company is the owner by assignment. The defenses are want of novelty, prior use, and anticipation. Assuming the validity of the patent infringement is not controverted. The specification states:

"The leading feature of my design consists in a casing for disinfecting apparatus, which comprises a cylindrical body portion, provided with rounded ends, the said body portion having an annular band of perforations therein."

The adaptation of any new, useful, and original shape, contour, or configuration of any manufactured article is entitled to protection under the provisions of section 4929, Rev. St. [U. S. Comp. St. 1901, p. 3398], and it is well settled that the originator of a design cannot claim the distinction of being an inventor unless he has produced a salable article, which is not only original, but which possesses the characteristic and essential element of beauty or ornamentation, or that which imparts to it a peculiar or distinctive appearance. Gorham Co. v. White, 14 Wall, 511, 20 L. Ed. 731; Smith v. Whitman Saddle Co., 148 U. S. 678, 13 Sup. Ct. 768, 37 L. Ed. 606. That invention may be involved in reproducing an old and well-known vendable article in such manner as to give it an ornate appearance, the origination, being useful and for display, is undeniable. But there must be originality and beauty in the subject of the design, as the mere adaptation of old forms to new purposes does not involve invention, notwithstanding any ornamentation or pleasing configuration which may render the article more convenient or salable. In Gorham Co. v. White, supra, the Supreme Court says:

"And the thing invented or produced for which a patent is given is that which gives a peculiar or distinctive appearance to the manufacture or article to which it may be applied, or to which it gives form. The law manifestly contemplates that giving certain new and original appearances to a manufactured article may enhance its salable value, may enlarge the demand for it, and may be a meritorious service to the public."

Hence the rule may be accepted as well settled that design patents are granted because of appearance, and not with reference to mechanical usefulness. Rowe v. Blodgett & Clapp (C. C.) 103 Fed. 874. It was held in Untermeyer v. Freund (C. C.) 37 Fed. 342, that he who challenges the novelty of a patent must sustain the challenge by proof beyond reasonable doubt. Applying these rules to this case, complainant is without doubt equitably entitled to a decree sustaining its patent, for the evidence shows that the peculiar contour of its device, which renders it attractive in appearance, commends it to users. This fact, of course, is an excellent test of its attractiveness. Bradley v. Eccles, 126 Fed. 945, 61 C. C. A. 669. The prior art does not disclose a casing the elements of which present an appearance to the eye as pleasing as that of the Taussig patent. The invention is concededly a modest one, and does not possess any specially artistic embellishments, but it is neat in appearance, is well shaped, well proportioned, and, in short, it appeals pleasingly to the eye, and is quite different from the Lewis and Imperial Hotel exhibits. The latter design, which approaches nearest in appearance to the design in suit, is egg-shaped, with perforations in the cylindrical part of the casing.

'Complainant's design, which is also cylindrical, has rounded and nicely proportioned caps at the ends, and a collection of perforations, smaller and more closely set than those in the Imperial Hotel device, at the upper end of the casing, which extends downward about one-third of its length. The caps mentioned have a low oval curvature, which in combination with the perforated cylindrical case gives complainant's design a different and more pleasing and finished appearance, the general effect of which enables ready distinguishment from the other casings. In view of these remarks, it is manifestly unnecessary to examine the evidence in relation to prior use or the mechanical patents to which attention is directed by the defendants.

The prima facie evidence of invention to which the patent. is entitled not being overcome, complainant is entitled to a decree as prayed for in the bill, with costs.