WEST DISINFECTING CO. et al. v. FRANK et al.

(Circuit Court of Appeals, Second Circuit.    December 4, 1906.)

No. 220.

PATENTS—INFRINGEMENT—DESIGN FOR CASING FOR DISINFECTANT.

The Taussig design patent, No. 33,633, for a design for a casing for disinfecting apparatus is valid; the attractive appearance of the casing shown rendering it popular with users, notwithstanding original structural defects. Also, *held* infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 146 Fed. 388.

L. C. Raegener, for appellants.

W. H. Kenyon, for appellees.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The conclusion of the court below as to the novelty of the patented design is supported by a comparison thereof with those of the prior art. The reduction in the diameter of the annular band of perforations and its rearrangement in the upper portion of the cylindrical body, so as to leave a closed portion of said body extending above the band, and the introduction of the graceful rounded ends, which, while carrying out the outline of the cylinder, suggest a firm and substantial support, as distinguished from the Lewis structure, with its ends shaped like a coffee pot cover and its projecting shoulders, are persuasively illustrative of an artistic sense of harmonious proportion, producing a pleasing effect, which is not found in the structures of the prior art.

If there be a doubt as to whether these departures constituted invention, it should be resolved in favor of the patent, not only by reason of the presumption arising from the grant, but also because the patented construction was adopted and retained on account of the novelty of the design, notwithstanding the original objections of corrosion and leakage, resulting from its peculiar conformation, which necessitated repairs and ultimately resulted in a substitution of a new material for the bottom, and, furthermore, because of the evidence as to the much greater popularity of the new design, because of its attractive appearance, and, finally, because of the actual bodily imitation by defendants of the exact patented construction, under circumstances which indicate an inequitable attempt to appropriate the benefits shown to have resulted from the harmonious arrangement and proportions of the patented design.

The decree is affirmed, with costs.