## YALE & TOWNE MFG. CO. v. ALDER.

(Circuit Court of Appeals, Second Circuit. April 23, 1907.)

### No. 267.

TRADE-MARKS AND TRADE-NAMES—UNFAIR COMPETITION—IMITATION OF DESIGN AND DRESS.

A manufacturer of locks who deliberately and intentionally copied a higher-priced lock made by another manufacturer in form, size, coloring, lettering, and details of finish, so that the two were substantially identical in appearance to a casual observer, and retail purchasers were likely to mistake one for the other, is chargeable with unfair competition, although the parts of the lock separately may have been open to his appropriation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, § 81.

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Appeal from the Circuit Court of the United States for the Eastern District of New York.

Appeal from decree (C. C.) 149 Fed. 783, dismissing complaint in suit for unfair competition, consisting of the imitation of a padlock manufactured by complainant and of its catalogue number. Decree reversed at the close of the argument.

Edmund Wetmore and W. A. Redding, for appellant.

R. C. Mitchell, for appellee.

Before WALLACE, LACOMBE and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge (orally). We are prepared to dispose of this appeal now. In cases like this, where unfair competition in trade is charged, based upon the manufacture and sale by the defendant of an article in simulation of one previously put upon the market by the plaintiff, when specimens of the articles are before the court and there is no

question of their authenticity, the court can judge of the resemblance between them, and whether purchasers are likely to be deceived by the resemblance, and the testimony of experts or of dealers is of little assistance. A comparison of the exhibits satisfies us beyond any doubt that the defendant has so closely copied the plaintiff's padlock in form, size, coloring, lettering, and details of finish that his articles are likely to induce purchasers to buy his padlocks supposing them to be the padlocks of the plaintiff. Retail dealers and the trade generally will no doubt recognize differences, and are in no danger of being misled by any resemblance of identity between the articles; but the question is whether their customers, the ordinary purchasers who buy from the retail dealer, are likely to be deceived; and that they are we are thoroughly convinced.

Many of the features of the plaintiff's padlock were separately a fair subject of appropriation by rival manufacturers, because they were not original with the plaintiff, but the plaintiff was the first to assemble them together in the concrete form in which its padlock has become known to the public as its product; and, while we cannot say that the appropriation by the defendant of this particular feature or that particular feature would have been unfair, we can say that when all of the prominent ones have been appropriated, and so assembled together with slight variations in some of them that altogether they produce the same general effect, and the ordinary purchaser would not be apt to discover the difference, enough appears to establish unfair competition. The defendant has with a purpose taken the design and dress of the plaintiff's padlock. He has carefully copied it, differentiating his own from it in minor details probably intending to escape the charge of infringement; but he has gone a step too far when he has produced a padlock which to casual observation is substantially identical in appearance with the plaintiff's. His apparent purpose was to extend his trade with retail dealers and supplant the plaintiff's sales to such dealers by furnishing them with an article which could be sold readily to customers as the article made by the plaintiff. When the defendant sold his locks to the retail dealers at a considerably less price per dozen than that which they were obliged to pay for the plaintiff's locks, he placed a strong temptation before these dealers to buy his locks and increase their profits by selling them to customers wanting to purchase the plaintiff's higher-priced locks; and we are constrained to believe it was intentionally and deliberately done in order to increase his trade at the expense of the plaintiff's.

The evidence in the record shows a laxity of business morality among lock manufacturers in appropriating the form, dress, and general appearance of each other's products which is not commendable, and which it is to be hoped does not exist in other trades; but this evidence and the argument based upon it cannot influence the court in a case where infringement is clear and the public are likely to be deceived, and they as well as the plaintiff are entitled to protection.