H S EARLE MFG. CO. v. CLARK & PARSONS CO.

(Circuit Court, D. Maine. July 1, 1907.)

No. 551.

PATENTS—DESIGNS—GRASS HOOKS.

The Earle design patent, No. 30,478, for a grass cutting blade, and the Tilden design patent, No. 32,227, for a grass hook, are each valid design patents; the designs shown being for implements more ornamental and attractive in appearance than those of the prior art, and therefore more salable and "useful," within the meaning of Rev. St. § 4929 [U. S. Comp. St. 1901, p. 3398]. Also, *held* infringed.

In Equity. On final hearing.

Clifford, Verrill & Clifford, for complainant.
Briessen & Knauth, for respondent.

HALE, District Judge. This suit is brought to restrain the infringement of design patent No. 30,478, for a grass cutting blade, and design patent No. 32,227, for a grass hook. The record shows that these patents relate to the same subject, and have been used conjointly. The bill alleges that the infringements complained of are upon their conjoint use. The defenses are anticipation and want of patentability. Section 4929 of the United States Revised Statutes [U. S. Comp. St. 1901, p. 3398], at the time the patents in issue were granted, provided that:

"Any person who, by his own industry, genius, efforts, and expense, has invented and produced any new and original design for a manufacture, bust, statue, alto-relievo, or bas-relief; any new, and original design for the printing of woolen. silk, cotton, or other fabrics; any new and original impression, ornament, patent, print, or picture to be printed, painted, cast, or otherwise placed on or worked into any article of manufacture; or any new, useful, and original shape or configuration of any article of manufacture, the same not having been known or used by others before his invention or production thereof. or patented or described in any printed publication, may, upon payment of the fee prescribed. and other due proceedings had the same as in cases of inventions or discoveries, obtain a patent therefor."

The amendment of May, 1902, amends this section, so that it reads as follows:

"Any person who has invented any new, original, and ornamental design for an article of manufacture, not known or used by others in this country before

his invention thereof, and not patented or described in any printed publication in this or any foreign country before his invention thereof, or more than two years prior to his application, and not in public use or on sale in this country for more than two years prior to his application, unless the same is proved to have been abandoned, may, upon payment of the fees required by law and other due proceedings had, the same as in cases of inventions or discoveries covered by section forty-eight hundred and eighty-six, obtain a patent therefor."

The amendment does not present any question which is material in this cause. The statute is intended to afford protection to an inventor who has produced a design as set forth in the law. The statute contemplates not utility so much as appearance. The word "useful" was introduced by the amendment of 1870, and required that the shape should embrace some new utility; but the utility or usefulness within the meaning of the statute is held to apply only to the appearance of the manufactured article, and not to have the construction which the same word has in the section providing for patents for useful inventions. The whole intendment of the statute is pointed out in Gorham Company v. White, 14 Wall. 511, 20 L. Ed. 731, in which, in speaking for the Supreme Court, Mr. Justice Strong says:

"The law manifestly contemplates that giving certain new and original appearances to a manufactured article may enhance its salable value, may enlarge the demand for it, and may be a meritorious service to the public. * * * It is the appearance itself which attracts attention and calls out favor or dislike. It is the appearance itself, therefore, no matter by what agency caused, that constitutes mainly, if not entirely, the contribution to the public which the law deems worthy of recompense."

In Westinghouse Electric, etc., Co. v. Triumph Electric Co., 97 Fed. 101, 38 C. C. A. 65, in speaking for the Court of Appeals of the Sixth Circuit, Judge Taft pointed out that by the act of 1870 the word "useful" was transferred from the office of qualifying patterns and prints to that of qualifying shapes or configurations of matter. He quotes from Mr. Commissioner Hall in Ex parte Schulze-Berge, 42 O. G. 293:

"The subject of invention, so far as form or shape or configuration is concerned, must be useful in the sense that it tends to promote pleasure, refinement, comfort, depending upon the sense of the beautiful. * * * Invention in this field of art relates to the intangible, and its power consists in its ability to awaken pleasant and agreeable sensations, conceptions, and thoughts, and the usefulness involved is that which brings about these results."

In Rowe v. Blodgett & Clapp Co., 112 Fed. 61, 50 C. C. A. 120, the Circuit Court of Appeals for the Second Circuit followed the principles of the Gorham Case, and sustained the opinion of Judge Townsend, quoting from his language as follows:

"Design patents refer to appearance, not utility. Their object is to encourage works of art and decoration which appeal to the eye, to the æsthetic emotions, to the beautiful. A horseshoe calk is a mere bit of iron or steel, not intended for display, but for an obscure use, and adapted to be applied to the shoe of a horse for use in snow, ice, and mud. The question an examiner asks himself while investigating a device for a design patent is not, 'What will it do?' But 'How does it look?' 'What new effect does it produce upon the eye?' The term 'useful,' in relation to designs, means adaptation to producing pleasant emotions. There must be originality and beauty. Mere mechanical skill is not sufficient."

Walker on Patents (4th Ed.) § 375, reads as follows:

"Design patents cover appearances only, and not uses. Appearances of designs are to be judged by synthetic observation, rather than by analytic inspection. The fact that an analysis of two forms of design discloses differences between them is insufficient to show lack of that substantial identity of appearance, which constitutes infringement. Such a question of identity is to be decided on the basis of the opinions of average observers, and not upon the basis of the opinions of experts."

In the recent case of West Disinfecting Co. v. Frank (C. C.) 146 Fed. 388, in speaking for the Circuit Court of the Southern District of New York, Judge Hazel said:

"It is well settled that the originator of a design cannot claim the distinction of being an inventor, unless he has produced a salable article, which is not only original, but which possesses the characteristic and essential element of beauty or ornamentation, or that which imparts to it a peculiar or distinctive appearance. * * * That invention may be involved in reproducing an old and well-known vendable article in such manner as to give it an ornate appearance, the origination, being useful and for display, is undeniable. But there must be originality and beauty in the subject of the design, as the mere adaptation of old forms to new purposes does not involve invention, notwithstanding any ornamentation or pleasing configuration which may render the article more convenient or salable. * * * Hence the rule may be accepted as well settled that design patents are granted because of appearance, and not with reference to mechanical usefulness."

This opinion was confirmed in 149 Fed. 423, 79 C. C. A. 359.

The word "useful" is not to be found in the present statute, which I have fully quoted; but, with the interpretation which the courts have given to that word, the case at bar would present no different questions if it had arisen under the present statute.

1. On the question of patentability, it is urged by the respondent that both the design patents in suit are not patentable as design patents; but are attempts to cover mechanical constructions by means of design patents, and are void. It is true that much of the evidence in support of the patents relates to mechanical results, and tends to sustain the respondent's contention that whatever is useful in the subject-matter of the patent is due entirely to the mechanical effect achieved by the construction of the implement. Upon a careful study of the whole record, I find that the case is, in my opinion, brought within the principles announced by the Supreme Court in Gorham Co. v. White, supra, and followed in the recent case of West Disinfecting Co. v. Frank, supra. Upon giving a careful examination to the implement made from the design, and comparing it with other implements in the prior art, I find that it presents a much more ornate and attractive appearance than any other article brought to my attention. Mr. Bird testifies that the design presents an ornamental and attractive grass hook, and that he is strengthened in this belief by the fact that, while he had used a grass hook of the old form, he chanced to see the complainant's grass hook made under this design, and that he purchased it because of its appearance. He testifies as an expert, but his testimony falls within the class which is held by the courts to be of great value in passing upon a patent. The inventor testifies as to his delay in taking out the patent until he could present all the attractive features as they appear in the design now before the court. The question of design is

clearly to be decided on the basis of the opinion of average observers. How does the thing look? Is it an attractive design? Is it calculated to make the implement salable? Applying the familiar principles of the law relating to this subject, I am of the opinion that both patents of the complainant are patentable as design patents. The articles made from these designs present an attractiveness which commends them to users. The bodily imitation by the respondents of the exact patented construction shown by the complainants is as marked as it was in West Disinfecting Co. v. Frank, supra, which is commented upon by the Circuit Court of Appeals as an element of some value to the court in persuading it of the patentability of the design.

2. Upon the question of anticipation, nothing in the prior art has been called to my attention which is, in my opinion, an anticipation. The alleged anticipatory devices appear in the mechanical art, and none of them affect the question of invention contained in these design patents. The patent itself is entitled to be held as prima facie evidence of invention and want of anticipation. And this evidence is not overcome by anything which appears in the record.

A decree may be entered for the complainant as prayed for in the bill, with costs.