STRAUSE v. WEIL et al.

(Circuit Court, S. D. New York. October 24, 1911.)

TRADE-MARKS AND TRADE-NAMES (§ 70*)—UNFAIR COMPETITION—IMITATION OF ARTICLE OF MANUFACTURE.

The exact imitation of an unpatented article made by another, except for the name of the maker, and which goes beyond such resemblance as would be brought about by producing an article fitted to perform the functions of the one copied, constitutes unfair competition and will be enjoined.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. § 70.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity. Suit by Louis J. Strause against Julius Weil and another. On rehearing of motion for preliminary injunction. Motion granted.

Briesen & Knauth, for complainant.

Robert B. Killgore, for defendants.

LACOMBE, Circuit Judge. In denying this motion when first made, I was under the impression that, subsequent to the decision of appeal from preliminary injunction in Rushmore v. Manhattan Screw Works, 163 Fed. 939, 90 C. C. A. 299, 19 L. R. A. (N. S.) 269, the same case had been brought up on review from final hearing and injunction refused. It seems that in this I was in error, and that this court is not constrained by rulings of the Court of Appeals from granting an injunction against copying the details of structure of a nonpatented article, if the court is satisfied that the imitation has gone beyond such resemblance as would be brought about by producing an article fitted to perform the functions of the one copied. It seems to me that in the case at bar there has been such unnecessary imitation, in general get-up, in style of lettering, in location and size of holes, etc., and I am not satisfied that the mere use of defendants' designation in the lettering sufficiently differentiates the two articles.

Injunction will be granted against the sale of irons which, like those already sold, are, except for the name, identical reproductions of complainant's irons. The injunction, however, will be suspended for 30 days from entry of the order, and if by that time defendant shall have appealed, and perfected his record of appeal, so that the cause may be moved on the calendar of the Court of Appeals and preference claimed, this order will operate further to stay operation of the injunction until decision of that tribunal.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes