LOVELL-McCONNELL MFG. CO. v. AMERICAN EVER-READY CO.

(Circuit Court of Appeals, Second Circuit. March 15, 1912.)

No. 191.

TRADE-MARKS AND TRADE-NAMES (§ 57*)—UNFAIR COMPETITION—IMITATION IN APPEARANCE AND FORM OF ANOTHER'S GOODS.

A manifest imitation in details of construction by one manufacturer of an article made by another, with a consequent likelihood of confusion, should be enjoined, unless the points of resemblance are the necessary result of an effort to comply with the physical requirements essential to commercial success.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 65; Dec. Dig. § 57.*

Unfair competition in use of trade-mark or trade-name, see note to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Muller Bros., 30 C. C. A. 376.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Lovell-McConnell Manufacturing Company against the American Ever-Ready Company. From an order granting a preliminary injunction, defendant appeals. Affirmed.

This cause comes here upon appeal from an order granting an injunction pendente lite, which restrained defendant "from making, constructing, shipping, selling, advertising, or exposing for sale any articles of manufacture or horn so similar in appearance to the warning signals manufactured and sold by complainant as to deceive or capable of deceiving any person or persons; from making, constructing, shipping, selling, advertising, or exposing for sale any article of manufacture or horn embodying the *characteristic right-angled construction* of the horn manufactured by the Lovell-McConnell Manufacturing Company."

Henry D. Williams, for appellant.

Drury W. Cooper and George C. Dean, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. This cause closely resembles Rushmore v. Manhattan Works, 163 Fed. 939, 90 C. C. A. 299, 19 L. R. A. (N. S.) 269, where this court considered a case of unfair competition in the sale of automobile lamps. The case at bar is concerned with automobile horns. The resemblance between complainant's and defendant's horns is very great. It is difficult to tell the one from the other without an inspection so close as to read the inscription on the name plates. Under the principles of the Rushmore decision, such a manifest imitation in details of construction, with the consequent likelihood of confusion, should be prevented, unless the points of resemblance are the necessary result of an effort to comply with the physical requirements essential to commercial success. A majority of the court are not persuaded that the close resemblance between the two horns results from such an effort. The most characteristic feature is the "right-angled construction," referred to in the order. Possibly at final hearing defendant may be able to show that a commercially successful power-driven horn of this general type could not be made, unless the shaft which transmits the power is at right angles to the axis of the horn. But the record before the District Judge did not establish that proposition sufficiently to excuse the adoption of this feature of construction, which, probably more than any other single feature, makes the appearance of the two horns so nearly alike.

In the opinion of the majority of the court, the order for preliminary injunction should be affirmed.