### STEIFF v. GIMBEL BROS.

(Circuit Court of Appeals, Second Circuit. April 7, 1914.)

No. 270.

TRADE-MARKS AND TRADE-NAMES (§ 95*)—UNFAIR COMPETITION—IMITATION.
    Where complainant had obtained an injunction restraining B. from making and selling toy animals copied from complainant's models, and defendant purchased such animals from B. for resale, complainant was entitled to an injunction restraining defendant from selling such toys until it was established by proof that the animals so sold by defendant had not been copied from complainant's models.

    [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. § 95.*

    Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros.. 30 C. C. A. 376.]

Appeal from the District Court of the United States for the Southern District of New York.

An order of the District Court of the United States for the Southern District of New York denied a motion for a preliminary injunction restraining the defendants from alleged unfair competition in trade in selling stuffed toy animals in imitation of similar animals which, for many years, have been made and sold by the complainant. An injunction granted under somewhat similar circumstances was affirmed by this court in Steiff v. Bing, 206 Fed. 900, 124 C. C. A. 560.

Arthur v. Briesen, Fred A. Klein, and Hans v. Briesen, all of New York City, for appellant.

Augustus T. Gurlitz, of New York City, for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

COXE, Circuit Judge. The question involved upon this appeal is a close and interesting one but in view of our former decision in Steiff v. Bing, involving animals identical in appearance, we think the burden should be upon the defendants to prove that the animals which they purchased from Bing were not copied from those designed by the complainant. In other words, these defendants should not be permitted to sell to the public the toys which we held could not be sold by their vendor, until they have proved by witnesses who can be cross-examined that their animals were made without any aid from the complainant's animals. So far as the present record is concerned, we have little doubt that the person who designed the animals sold by the defendant had before him similar animals designed by the complainant's employés. The similarity is too great, even in minute details, to be the result of accident. In this way Bing has dispensed with original research. It has not been necessary for him to employ persons of originality and genius. Mere copyists and mechanics were all that he required. In this case, as in the former case, we cannot avoid the conclusion that the Bing toys were made with the Steiff toys as models. The small points of difference such as placing the orange patch of the terrier on the right instead of the left side rather accentuates the intent to get all of the advantages of the complainant's design without expending any original thought or labor thereon.

To state the situation in a few words, we think that after a preliminary injunction has been sustained by this court, the sale of the prohibited goods which are in all respects similar to those condemned should cease until the defendant has proved by witnesses who can be cross-examined that the defendant's goods were not copied from the complainant's. It may be that it can do this, but until it does it should suspend its sales. Enterprise Mfg. Co. v. Landers, Frary & Clark (C. C.) 124 Fed. 923; on appeal 131 Fed. 240, 65 C. C. A. 587; Yale & Towne Mfg. Co. v. Alder, 154 Fed. 37, 83 C. C. A. 149.

The order is reversed.