HIRAM WALKER & SONS v. GRUBMAN et al.,
and Thirteen Other Cases.

(District Court, S. D. New York. May 7, 1915.)

1. TRADE-MARKS AND TRADE-NAMES ⊗═70—UNFAIR COMPETITION—INJUNCTION.

To prevent the sale of Canadian Type whisky in substitution for Canadian Club whisky, sales at the bar *held* to be enjoined unless the whisky is made sufficiently darker or lighter than Canadian Club to be clearly distinguishable, it appearing that the "body" and flavor need not be affected by changes in shade, but sales in full bottles direct to the consumer, properly labeled with the words "Canadian Type whisky," all plainly appearing of equal size, script, color, and general appearance, will be permitted, as well as sales in bottles properly labeled containing no more than a single drink.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. ⊗═70.]

2. TRADE-MARKS AND TRADE-NAMES ⊗═98—UNFAIR COMPETITION—DAMAGES AND PROFITS.

In a suit for unfair competition in connection with sales of whiskies, where it appeared that plaintiff's and defendants' whiskies were sold for different prices, and it could not be safely estimated how many sales

plaintiff had lost through substitutions, the accounting would be confined to profits.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 112; Dec. Dig. ☞98.]

3. TRADE-MARKS AND TRADE-NAMES ☞89—UNFAIR COMPETITION—ACCOUNT-ING—PARTIES REQUIRED TO ACCOUNT.

In an action for unfair competition in selling another whisky in sub-stitution for plaintiff's whisky, only those actually conducting the busi-ness will be required to account, and the clerks or officers of the corpora-tions doing the business will not be required to account.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 99; Dec. Dig. ☞89.]

In Equity. Fourteen suits by Hiram Walker & Sons against Jacob H. Grubman, doing business as the West Shore Wine & Liquor Com-pany, and others. On settlement of the decree. Settled in accordance with the opinion.

Harcourt Bull and George Gordon Battle, both of New York City, and Alfred Lucking, of Detroit, Mich., for plaintiff.

Joseph M. Proskauer, Arthur L. Strasser, Norman P. S. Schloss, Rose & Paskus, and Riegelman & Bach, all of New York City, for defendant.

LEARNED HAND, District Judge. [1] The decree suggested in the opinion enjoined the defendants from selling Canadian Type whisky in bulk without reasonable assurance that it will not be resold in sub-stitution for Canadian Club. Upon settlement of the decree the plain-tiff urges that there is no practical assurance possible, unless it be some mark which will follow the whisky into the hands of the consumer. Having found the bar demand trifling in quantity, they urge that I should disregard the small part which is genuine and enjoin the whole sale. I am not willing to do this, as I said originally; but I think the plaintiff is right in demanding that there should be some mark which will effectively reach the senses of the ultimate consumer. Considering the fact that the commodity is a beverage and that nothing can be af-fixed to it, it follows that the only way of marking it is by a receptacle that cannot be changed or by some change in the appearance of the substance itself. It will serve no purpose to say that it must be served at bars in a bottle clearly labeled, because a man who means to substi-tute will not carry out an agreement to use such bottles. On the other hand, it is in evidence in these cases that the color of this whisky is wholly within the control of the distiller and that it is shaded to suit the fancy of the consumer. It is also in evidence that the "body" and flavor need not be affected by changes in shade. In view of this proof it seems to me that the color may be said to be a "non-functional" characteristic, as was said of the color of the beverage in Coca-Cola Co. v. Gay-Ola Co., 200 Fed. 720, 119 C. C. A. 164; Id., 211 Fed. 942, 128 C. C. A. 440, by the Circuit Court of Appeals in the Sixth Circuit.

This seems also to fall within the same doctrine, though differently applied of our own circuit in Enterprise Mfg. Co. v. Landers, Frary & Clark, 131 Fed. 240, 65 C. C. A. 587; Yale & Towne Mfg. Co. v. Alder, 154 Fed. 37, 83 C. C. A. 149; Steiff v. Gimbel Bros., 214 Fed.

569, 131 C. C. A. 21. The color need not, of course, be changed so as to make the whisky repellant; it need be made only of a shade enough darker or lighter than Canadian Club to be clearly distinguishable. Color, it is true, is a part of the beverage; but the particular shade, whether dark or light, has certainly no relation to an honest demand. Be that as it may, the precise shade is an imitation, and to that extent the right to make exactly that shade of whisky may justly be curtailed. If the defendants could suggest any effective means of getting such assurance as I have held necessary, I should consider it; but no one has succeeded in bringing forward any alternative, except the following, which I should suppose to be wholly impractical commercially, but which will be open if any use of it can be made. Canadian Type whisky may be sold in its present color in bottles properly labeled, containing no more than a single drink, such as are sold in dining cars. As I have said there will be no limitation of the sale in full bottles properly labeled direct to the consumer. Proper labeling means that the words "Canadian Type Whisky" shall all plainly appear of equal size, script, color, and general appearance. Smythe's label shows how easy it is to suppress a word while keeping the size.

[2] The plaintiff demands damages as well as profits, or at least the alternative. Both it may not have in any event, and I do not think that there is any basis here for damages. The theory that all sales of Canadian Type whisky deprived the plaintiff of an equal number of sales depends impliedly upon the assumption that the price was the same, and that all sales were in substitution for Canadian Club whisky. In fact, the usual price of Canadian Club whisky was 15 cents, and of Canadian Type whisky 10 cents. No safe estimate can be made of the number of sales which the plaintiff lost through the Canadian Type whisky. The accounting is therefore confined to profits.

The plaintiff will have costs, but they properly await final decree.

[3] Only the defendants who actually conducted the business will account, not the clerks or officers of the corporations. In stating the account the defendant will be broadly allowed any means of showing, if they can, that they had reasonable assurance that the saloon keepers were honest.