MECCANO, Limited, v. JOHN WANAMAKER, NEW YORK.

(District Court, S. D. New York. January 9, 1917.)

1. APPEAL AND ERROR ⬉490—SUPERSEADEAS—EFFECT.

A supersedeas bond, given by the defendant in an infringement suit, who was the manufacturer, on appeal from a decree granting an injunction, is not a bar to a suit against a customer of defendant, brought in another jurisdiction pending the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2264–2274.]

2. PATENTS ⬉328—VALIDITY AND INFRINGEMENT—MECHANICAL TOY.

The Hornby patent, No. 1,079,245, for a mechanical building toy, *held* infringed on motion for preliminary injunction; and defendant also *held* chargeable with infringement of complainant's copyrighted manuals of instruction for building the toy structures.

In Equity. Suit by Meccano, Limited, against John Wanamaker, New York. On motion for preliminary injunction. Granted.

Ralph L. Scott, of New York City (Reeve Lewis, of New York City, of counsel), for complainant.

Toulmin & Toulmin, of Washington, D. C. (H. A. Toulmin and H. A. Toulmin, Jr., both of Washington, D. C., of counsel), for defendant.

AUGUSTUS N. HAND, District Judge. This is a motion for a preliminary injunction against (1) unfair competition; (2) infringement of copyrights No. 291,371 and No. 294,670; and (3) infringement of patent No. 1,079,245. Judge Hollister has granted a final decree for the complainant in the Western District of Ohio upon the precise issues involved in this cause, and an appeal has been taken from Judge Hollister's decree, and the injunction suspended during the appeal. That suit was against the manufacturer of the mechanical construction toy involved here. The catalogue was held to infringe the copyrights of complainant. This suit is brought against a customer of the defendant in that case.

[1] It is urged that the suspension of the injunction pending that appeal precludes the relief here sought. There is no basis in reason or authority for such a contention. Philadelphia Co. v. Edison Co., 65 Fed. 551, 13 C. C. A. 40; Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768. The supersedeas bond in Ohio does not protect the complainant against the infringement by this defendant. I have examined the briefs and the record in the Ohio case sufficiently to be in general agreement with Judge Hollister, and I think it the fairest disposition of this motion to grant an injunction to the complainant upon filing a bond of $3,000, with the alternative provision that the injunction may be suspended pendente lite if the defendant shall file a bond in a like amount within ten days. Such a provision protects each party without imposing any serious burden upon either.

[2] It seems quite apparent that the patent is infringed, and that diagrams and directions as to construction have been borrowed by

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

defendant from complainant's copyrighted catalogues, and that the system of construction adopted by the defendant is a direct imitation of complainant's system. The spacing of the holes in, and general appearance of, the mechanical parts, seem to be practically identical. I do not think the books containing plates, or the covers or other ornamentations of the catalogues of the defendant, are sufficiently similar to those of the complainant to mislead the public; but the appearance of the plates themselves and the system of construction have been so deliberately taken by the defendant from the complainant that they are misleading, and come within the decisions of Enterprise Mfg. Co. v. Landers, Frary & Clark, 131 Fed. 240, 65 C. C. A. 587, Yale & Towne Mfg. Co. v. Alder, 154 Fed. 37, 83 C. C. A. 149, Rushmore v. Manhattan Screw & Stamping Works, 163 Fed. 939, 90 C. C. A. 299, 19 L. R. A. (N. S.) 269, and Prest-O-Lite Co. v. Davis et al., 215 Fed. 349, 131 C. C. A. 491.

The motion is granted to the extent indicated.