## LEKTRO-SHAVE CORPORATION v. GENERAL SHAVER CORPORATION.

### No. 109.

Circuit Court of Appeals, Second Circuit.

Nov. 1, 1937.

Samuel E. Darby, Jr., of New York City, and Carlos Ellis, Jr., of Middletown, Conn., for appellant.

Stanley Osserman and A. M. Lowenthal, both of New York City, for appellee.

Before MANTON, SWAN and CHASE, Circuit Judges.

PER CURIAM.

The appellee's bill asks for a preliminary and permanent injunction enjoining appellant from manufacturing, distributing, advertising, and selling its electric shaving device with its round head or any shaving head similar to the appellee's. The court below granted a temporary restraining order on motion relying principally upon the pleadings and affidavits submitted.

The court found that the appellee had expended large sums of money in developing, manufacturing, advertising and selling its shaver; that it sold upwards of 500,000 in the United States and foreign countries; that practically all of its advertising featured its shaver as having "a round shaving head"; and that this had become a distinguishing feature of its product associated in the minds of the public with the appellee as its maker.

The appellant manufactures the "Remington Close-Shaver," which is also an electric apparatus, having a head claimed to be of a shape confusingly similar to the shaving head of the appellee. The court found that the appellant's shaver differed from the appellee's only in that it lacked the longitudinal slot in the housing within which the movable cutter operates; that the housing had a plurality of flattened surfaces which are almost invisible to the naked eye and appears to be round; that the cutter housing has two combing edges which do not change its general cylindrical appearance; also, that the appellant's movable cutter has only a reciprocating motion while the appellee's has a reciprocating and oscillating motion.

The court found that the cylindrical form of the movable cutter of the appel-

lee's device is necessary for the proper operation of its shaver, for the reason that no other shape would permit the cutter to move to and fro and at the same time oscillate. But the District Judge found the cylindrical shape to be unnecessary for the appellant's device because the cutter had only a reciprocating motion; that any other shape could be used in appellant's shaver head and a cutter otherwise shaped could operate just as efficiently as a cylindrical one. The court found that the appellant had no occasion to use appellee's combination and unnecessarily and knowingly imitated its rival shaver head in a nonfunctional feature, and granted the injunction.

The court found that an ordinary purchaser acting prudently would be deceived into confusing the two products. However, the defendant's president testified that the head of appellant's razor, which on close inspection can be seen to be hexagonal, though it has a cylindrical bore running through it, was functional; and no witness was called to contradict this testimony. If the hexagonal shape is truly functional, the appellant may use it. A. C. Gilbert Co. v. Shemitz, 45 F.(2d) 98 (C.C.A.2).

The District Court's findings are based upon letters sent to the appellee by customers. Affidavits as to the merchandising and operation of the shaver, the cost of advertising and salesmen, were submitted. Injunctive relief should be granted here only on testimony taken which would satisfactorily convince the trial court that the trade had come to recognize and distinguish appellee's electric shaving device by its round head; that by advertising and sales it had attained a secondary meaning among consumers, the public, and dealers; that appellee's round shaving head oscillates and reciprocates and gives, as appellee advertises, a round head shave; that the round shaving head of appellant's device is nonfunctional; that appellant's manufacture and sale of the round shaving head deceives and misleads the public into believing that it is the Packard shaver and will deceive purchasers into believing that it will give "a round head shave" when in fact, being a reciprocating one only, it does not do so. It must be shown that confusion is created and irreparable damage suffered by appellee before the appellant is enjoined. Rushmore v. Manhattan Screw & Stamping Works, 163 F. 939, 19 L.R. A.(N.S.) 269 (C.C.A.2); Yale & Towne Mfg. Co. v. Alder, 154 F. 37 (C.C.A.2); Harvey Hubbell, Inc., v. General Elec. Co., 262 F. 155 (D.C.S.D.N.Y.); Rushmore v. Badger Brass Mfg. Co., 198 F. 379 (C.C.A.2).

Because the findings made as to secondary meaning and confusion as well as the nonfunctional feature of the round head as used by the appellant are based upon letters and affidavits alone, we must reverse and direct a new trial. The issues should be tried promptly. A new trial will afford an opportunity to examine and cross-examine the witnesses who are called to establish these respective claims.

The temporary injunction granted will be reversed, with directions to grant a preference to the trial. That part of the order denying the motion to dismiss the bill is affirmed.