MARVEL CO. v. PEARL et al.

(Circuit Court of Appeals, Second Circuit. October 19, 1904.)

No. 210.

1. UNFAIR COMPETITION—SIMILARITY OF MECHANISM.

In the absence of protection by patent no person can appropriate to the exclusion of others elements of mechanical construction which are essential to the successful practical operation of a manufacture, or which primarily serve to promote its efficiency.

2. SAME.

Unfair competition is not established by proof of similarity in form, dimensions or general appearance alone, especially where such similarity is characteristic of the article in question, or appears to result from an effort to comply with the physical requirements essential to its successful operation, and not from any design to misrepresent its origin.

¶ 1. Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

3. TRADE-NAMES—INFRINGEMENT—DESCRIPTIVE TERMS.

The adoption of the term "Whirling Spray" as the trade-name for a syringe, where it is distinctly descriptive of the mode of operation, does not deprive another manufacturer of a like article of the right to adopt and use the name "Whirlspray" therefor.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here on appeal from a decree of the United States Circuit Court for the Southern District of New York dismissing bill alleging unfair competition in the manufacture and sale by defendant of certain syringes resembling those made by complainant, and in the use by defendant of the name "Whirlspray" to designate its syringes.

Duncan Edwards, for appellant.

J. P. Bartlett, for appellees.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge. In disposing of the questions herein, the differences in form and appearance between complainant's and defendants' syringes may be disregarded, and it may be assumed that defendant manufactures a syringe so closely resembling that of complainant that the ordinary purchaser would not distinguish the one from the other. No question of complainant's right under a patent or of imitation of style of wrapper or of color of box or label is involved herein. The questions presented are as to the extent of the right of one person to appropriate to the exclusion of others the elements of a mechanical construction, and the limitation of the right of one person to manufacture an article like that of another manufacturer.

The article in question belongs to the old type of compressible rubber bulb syringes, and is constructed and adapted specially for use as a douche for the vagina by means of a whirling spray discharge. It is essential to the successful practical use and operation of such a syringe that it should be bulbous in shape, of dimensions such that it may be easily compressed and emptied by the pressure of one hand, and that it should have a soft rubber protecting guard sliding upon the tube of the syringe—features characteristic of this class of syringes.

Upon these facts the court below correctly found as follows:

"There is nothing about the article as made and sold by the defendants that is not necessary in the making and operation of such an instrument. It is made in the form that it must be made in order to accomplish its purpose, and, if the making in that form is any representation that the thing made came from the plaintiff, it is because of the extent to which the plaintiff had made and displayed and sold it before the defendants began."

In the absence of protection by patent, no person can monopolize or appropriate to the exclusion of others elements of mechanical construction which are essential to the successful practical operation of a manufacture, or which primarily serve to promote its efficiency for the purpose to which it is devoted. Unfair competition is not established by proof of similarity in form, dimensions, or general appearance alone.

¶ 3. Arbitrary, descriptive or fictitious character of trade-marks and trade-names, see note to Searle & Hereth v. Warner, 50 C. C. A. 323.

133 F.—11

Where such similarity consists in constructions common to or characteristic of the articles in question, and especially where it appears to result from an effort to comply with the physical requirements essential to commercial success, and not to be designed to misrepresent the origin of such articles, the doctrine of unfair competition cannot be successfully invoked to abridge the freedom of trade competition. The enforcement of such a claim would permit unfair appropriation, and deny the exercise of the right of fair competition. The case at bar is an illustration of such an attempted perversion of the doctrine of unfair trade. The limitations of the right of one person to imitate an article made by another are illustrated by the case of Enterprise Mfg. Co. v. Landers, Frary & Clark (decided by this court at its last session) 131 Fed. 240. There the defendants had "not only conformed their goods to complainant's in size and general shape, which was to be expected, but also in all minor details of structure, every line and curve being reproduced, and superfluous metal put into the driving wheels to produce a strikingly characteristic effect, while the goods are so dressed with combinations of color, with decorations reproduced or closely simulated, with style of lettering and details of ornamentation, that, except for the fact that on the one mill is found the complainant's name and on the other the defendants', it would be very difficult to tell them apart." We held that this was "a most aggravated case of unfair trading," and that such reproductions of unnecessary lines and curves and simulations of arbitrary designs and striking combinations of color would be restrained by a court of equity when they were so close as to show an intent to appropriate the trade of a competitor.

Defendant's right to use the word "Whirlspray" rests upon the evidence that the term "Whirling Spray," employed by complainant, is descriptive in fact, and upon complainant's own admissions to that effect. Complainant's and defendant's syringes are alike in mode of operation and result produced. They throw minute whirling streams of water, not in solid volumes, nor subdivided like the mist of an atomizer, but in small showers. These showers constitute spray within the definition in the Standard Dictionary of "water dispersed in particles, as by the wind or by force of impact." The evidence shows that defendant claims to have coined the word after complainant had used the term "Whirling Spray" both as a trade-mark and as descriptive of the function of its syringe. The specification of complainant's patent states that "it is the object of my invention * * * to eject it [the fluid] in the form of a whirling spray." In complainant's advertisement it described its syringe as one which "cannot throw a solid stream," but which "discharges a half pint of hollow, whirling spray"; and one of its witnesses says, "I don't know how I can describe it better than to say it produces a whirling spray." In these circumstances we must accept complainant's statements as descriptive of the characteristics of this type of syringe. We should not feel justified, therefore, in granting an injunction against the use by defendant of the word "Whirlspray" as suggestive of the character of the discharge of syringes of the class to which both complainant's and defendant's syringes belong.

The decree is affirmed, with costs.