WILLIAM WRIGLEY, JR., & CO. v. GROVE CO. et al.

(Circuit Court of Appeals, Second Circuit. November 14, 1910.)

No. 148.

1. TRADE-MARKS AND TRADE-NAMES (§ 3*)—WORDS SUBJECT TO APPROPRIATION—"SPEARMINT."

The word "Spearmint," as applied to chewing gum, is a term descriptive of the flavor, open to every manufacturer who uses such flavor, and cannot be appropriated as a trade-mark.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 4–7; Dec. Dig. § 3.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 60*)—UNFAIR COMPETITION—IMITATION OF PACKAGES.

Defendants, in imitating complainant's cartons and packages containing "Spearmint" gum, held chargeable with willful and intentional unfair competition, which entitled complainant to an injunction.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec. Dig. § 60.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by William Wrigley, Jr., & Co. against the Grove Company, Samuel Grove, Jr., Charles E. Blauvelt, and Simon S. Schiener. Decree for complainant, and defendants appeal. Decree modified and affirmed.

See, also, 161 Fed. 885.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The decree of the Circuit Court granted an injunction and an accounting. The decree restrains the use of the word "Spearmint," holding it to be a valid trade-mark for chewing gum. It also finds the defendants guilty of unfair trade in imitating the wrappers, labels and coverings of the packages used by the complainant and enjoins the use of such simulated covers and wrappers. The defendants appeal to this court.

Louis Hicks, for appellants.

Offield, Towle, Graves & Offield (James R. Offield, Philip B. Adams, and Charles K. Offield, of counsel), for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. The right to make and sell chewing gum out of ingredients not deleterious to health and to flavor it with wintergreen, vanilla, strawberry, pineapple, spearmint or any other flavoring material, is inherent in every citizen, whether a corporation or an individual. Having a right to make and sell gum, it follows, as a necessary corollary, that he has the right to describe it. The flavor is a very important factor, regarding which the public desires to be informed and which the seller has a clear right to communicate, if, indeed, he is not under obligation to do so. If his gum be flavored with spearmint, for instance, he cannot inform the public of this fact without using the word "Spearmint," and to deprive him of that privilege is to interfere with his rights. Spearmint is a descriptive term as applied to chewing gum, and no one can deprive a manufacturer of its use or appropriate it as a trade-mark. The first paragraph of the decree is as follows:

"It is hereby ordered, adjudged and decreed: First: That the said word or name 'Spearmint' when used in a prominent way, either in advertising matter, on labels, or on boxes, is a good and valid trade name or mark for chewing gum; that the title thereof and the entire and exclusive right to the use of the same in the manner above specified is vested in complainant."

The language quoted is too broad and the decree cannot be upheld in so far as it sustains as a trade-mark the word "Spearmint" and awards to the complainant the exclusive right to use the same in connection with chewing gum. Indeed, at the argument we understood counsel for the complainant to concede that the decree was too broad. Similar concessions are made in the complainant's brief. For instance, at pages 12 and 13 it is said:

"The bill of complaint in this case is not founded on any technical trademark. * * * This case is not governed, therefore, nor affected by the fact that the word 'Spearmint' is descriptive of the quality of the goods, and as such is not capable of being monopolized as a trade-mark. * * * The complainant appellee is not seeking to monopolize the word 'Spearmint,' to the exclusion of all others, whereby other manufacturers cannot notify the public that their product is flavored with the oil of spearmint."

The difficulty is that the decree as entered does give the complainant the very monopoly which is thus disclaimed, namely, an exclusive right to the use of the word "Spearmint" as a trade-mark for chew-

ing gum. In Florence Mfg. Co. v. Dowd & Co., 178 Fed. 73, 101 C. C. A. 565, this court upon similar facts decided that the word "Keepclean" as applied to toothbrushes was descriptive only and not the subject of a valid trade-mark. We think the rationale of that decision applies with even greater force to the word "Spearmint" when used in connection with chewing gum. The complainant has no exclusive property in the word "Spearmint." The defendants have a perfect right to use the word as descriptive of their goods; but they have not the right to use it in collocation with other words and symbols in such manner as to induce the public to believe that their "Spearmint gum" is the "Spearmint gum" of the complainant.

Although not entitled to a trade-mark in the word "Spearmint," we have little doubt that the complainant has proved a cause of action against the defendants based upon unfair competition. The complainant for at least five years has been selling "Wrigley's Spearmint Gum" put up in packages containing five individual sticks inclosed in pink wrappers with an outside label of less length than the individual sticks, wrapped around the package, thus permitting the ends of the pink individual packages to show. This wrapper has in the center a crude spear in green with the word "Spearmint" in white block letters appearing in the center of the spear. There is a sprig of mint on the left side and the words "The Flavor Lasts" printed in green on the other end. Above the green spear, printed in red, is the name "Wrigley's" and below the spear. in the same red letters, are the words "Pepsin Gum." On one side of the package, printed in white on a green spear, are the words "The Flavor Lasts," and on the other side in similar letters, the words "Perfumes the Breath." The cartons in which are 20 of these individual packages of five sticks are displayed on the counters of retail dealers. The color scheme of these boxes is yellow, green and red, yellow being the prevailing color.

The first spearmint gum produced by the defendants was packed in yellow boxes, having the same general appearance as those of the complainant, with the word "Spearmint" prominently printed on a rectangular green bar with a sprig of spearmint behind it. In place of "Wrigley's Pepsin Gum" the defendants have printed "Grove's Pepsin Gum" in red letters. Their box contains 20 packages, each containing five sticks put up in wrappers colored the same as complainant's wrappers. These packages are in appearance similar to the complainant's. In the center of the wrapper is the word "Spearmint" printed in white on a green bar, which differs from the complainant's only in the fact that it does not terminate in a spear-head. Above the green bar in heavy red letters is "Grove's" and below in similar letters are the words "Pepsin Gum." On the side of the package the defendant has substituted for the words "The Flavor Lasts" the words "The Flavor That Takes." In both cases the words are printed in white on a green background. Subsequently the defendants, on being notified of their infringement, made some changes in the wrappers of the five-stick packages, the cartons or boxes remaining substantially the same. These changes it is unnecessary to describe in detail, the prin-

cipal difference, stated generally, is the substitution of red for green wherever it appears on the original packages.

We think that no impartial person can read this record in connection with the exhibits without being convinced that the defendants have attempted to profit by the popularity of the complainant's gum and to appropriate part of the profits due to the expensive, ingenious and systematic advertising of the complainant. It is impossible to believe that the defendants could have dressed up their goods in packages so closely resembling those of the complainant if they honestly intended to sell them on their own merits. No inference can be drawn except that they resolved to imitate, without making exact copies, the complainant's boxes and labels, and thus secure a portion of the complainant's trade. This course could not have been adopted by them through inadvertence, ignorance or mistake. It was done deliberately and it must have been done to secure a portion of complainant's good will produced by the expenditure of a fortune in advertising. The usual argument that no one but an imbecile can be deceived is advanced. It is the old excuse and the old answer is applicable, namely, that no one should be permitted to dress up his goods so as to confuse them with those of his competitor. It is enough that confusion exists and that the purchaser may be deceived. In the case at bar it is well known that the gum chewing community is not, as a class, drawn from the most intelligent and discerning portion of the public. The proof shows that in the city of New York the majority of customers come from the East Side and is largely composed of ignorant foreigners, many of them unable to speak our language. That such customers may be induced to purchase the defendant's gum for the complainant's is more than probable. If the defendants are honest in wishing to sell their goods on their merits, it will aid them in so doing if they dress their goods so that no one can be deceived.

The decree should be modified by striking out the first paragraph thereof and by so amending the remaining paragraphs as to make them applicable to an action for unfair competition only. Neither party is entitled to the costs of this court.