THE TAYLOR PROVISION COMPANY

*v.*

ANDREW H. EDWARDS.

[Decided December 17th, 1911.]

The doctrine that a trader is to be protected from unfair competition is one which fully obtains in this state, and it is upon this principle, and not for the protection of a registered trademark, that a permanent injunction will be issued in this case in favor of the complainant.

On final hearing on pleadings and proofs.

*Messrs. Vroom, Dickinson & Scammell,* for the complainant.

*Mr. Linton Satterthwait,* for the defendant.

WALKER, V. C.

My examination of this case has led me to the conclusion that the complainant is entitled to a permanent injunction against the defendant in the combined form of the preliminary injunctions heretofore issued in this cause, one on the original bill and the other on the supplemental bill.

The following cases are particularly apposite, and, in my judgment, sustain the complainant's position: *American, &c., Watch Co.* v. *United States Watch Co., 173 Mass. 85; Florence Manufacturing Co.* v. *J. C. Dowd & Co., 178 Fed. Rep. 73; William Wrigley, Jr., & Co.* v. *Grove Company (United States Circuit Court, Southern District of New York, April 22d, 1910), 183 Fed. Rep. 99;* affirmed, with modification, *S. C. (United States Circuit Court of Appeals, Second Circuit), 105 C. C. A. 391.*

The doctrine that a trader is to be protected from unfair competition is one which fully obtains in this state, and it is upon this principle and not for the protection of a registered trademark that the injunction will go in this case.

Although the complainant may not have been in the market with its brand labeled "pork roll" for a sufficient length of time, if at all, before the defendant marketed his product as "rolled pork" to entitle it to enjoin the defendant for that reason, nevertheless, the proofs show that the complainant had established a reputation for its "prepared ham" for years before the defendant entered the trade, and, therefore, when the complainant was obliged to change the name of its brand from "prepared ham" to something else, under the Federal Pure Food law, such change was equivalent to putting out a new brand concerning which the trader is entitled to be protected from simulation by another dealer. *Florence Manufacturing Co.* v. *J. C. Dowd & Co., supra* (at *p. 75*).

The complainant is entitled to costs.