## ALFOCORN MILLING CO. v. EDGAR-MORGAN CO.

(Circuit Court of Appeals, Eighth Circuit. June 15, 1922. Rehearing Denied October 2, 1922.)

### No. 5952.

1. **Trade-marks and trade-names and unfair competition** ⬅3(1)—**Word "happy" cannot be exclusively appropriated for trade-mark.**

The word "happy" is in its nature such that it cannot be exclusively appropriated for a trade-mark or trade-name, with the result that, though complainant first used it in the name of its hen feed, defendant, who thereafter used it in the name of its horse and mule feed was not required to desist on complainant later producing a horse and mule feed and using such word in its name.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Trade-marks and trade-names and unfair competition ☞68—Unfair competition not shown.**

Notwithstanding the use of the word "happy" in the names of the domestic animal feeds of both parties, unfair competition is not shown; there being no proof of confusion of the product of one with that of the other, or of deception of purchasers.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Suit by the Edgar-Morgan Company against the Alfocorn Milling Company. Decree for complainant (270 Fed. 344), and defendant appeals. Reversed, with direction to dismiss.

Howard G. Cook, of St. Louis, Mo. (Cobbs & Logan, of St. Louis, Mo., on the brief), for appellant.

Arthur E. Wallace, of Chicago, Ill. (Hezekiah Sanders, of St. Louis, Mo., on the brief), for appellee.

Before LEWIS, Circuit Judge, and TRIEBER and POLLOCK, District Judges.

POLLOCK, District Judge. This appeal challenges the right of appellee, as complainant below, to a decree restraining appellant, defendant below, from the manufacture and marketing of a domestic animal food product packed in jute bags, bearing the label "Happy Mule Horse and Mule Feed," with the picture of a mule underneath, together with the name "Alfocorn Company" quite prominently displayed thereon.

The parties will be designated, for convenience, as in the court below. The grounds of complaint are: (1) The infringement of a common-law trade-mark; (2) unfair competition in business.

The facts are: In 1915 complainant commenced the manufacture of a domestic fowl feed under the name "Happy Hen Scratch Feed," packed in jute bags, and underneath the legend the picture of a scratching hen. Thereafter, in 1918, it began to manufacture and market other so-called "Happy Brands" of food, such as "Happy Hog Feed," "Happy Cow Feed," "Happy Chick Feed," etc. The "Happy Hen Scratch Feed" manufactured by complainant was extensively advertised, especially in the South, and large sales thereof made by complainant in the years 1916, 1917, and 1918. This feed was marketed in jute bags in which there was inscribed the legend "Happy." In compliance with the local laws of many states the "Happy Hen Scratch Feed" manufactured by complainant, and its other feed products thereafter produced, were registered. However, complainant did not make, sell, or market any of its "Happy Horse and Mule" products, or other of its "Happy Brand" of feeds, until the month of September, 1919, at which time it registered its formula, brands, and trade-mark for this and other brands not heretofore registered. Meanwhile defendant, in April, 1918, commenced the manufacture and marketing of a domestic animal food product under the name "Happy Mule Horse and Mule Feed" in the manner above stated. At the trial there was a decree for complainant. Defendant appeals.

An examination of the record discloses it was the view of the trial court, notwithstanding it was shown by the proofs the word "Happy," long before its use by complainant, had been employed by others to designate a brand or make of cookies or cakes, canned meats, etc., yet, complainant having employed it in the manner stated in the manufacture and sale of its "Happy Hen Feed," this was such an exclusive appropriation of the word and the manner of display complainant might restrain defendant from using the same by its extension to other domestic food products, under the doctrine announced in Florence Mfg. Co. v. J. C. Dowd & Co., 178 Fed. 73, 101 C. C. A. 565, and other cases. In this present case complainant. was engaged merely in the production and sale of a chicken feed when defendant began its manufacture and sale of a horse and mule feed. The trial court held, solely because complainant had used the words "Happy Hen" to describe its chicken feed, and the defendant employed the term "Happy Mule" to describe its horse and mule feed, almost two years thereafter, when complainant decided to begin the manufacture and sale of its horse and mule feed under the appellation "Happy," defendant must desist from any further pursuit of its business and account to complainant for profits made. Obviously, such ruling can rest alone on one basis, namely, the right of complainant to the exclusive appropriation to its use to any and all kinds of domestic fowl and animal products which it now or at any further date shall manufacture and sell under the name or appellation of the word "Happy."

[1] We are of the opinion this word "Happy" is one of such nature as to be incapable of such exclusive appropriation and extension by any one. The rule in such cases is very clearly stated by Mr. Justice Strong in Canal Co. v. Clark, 13 Wall. 311, 20 L. Ed. 581, in which it is said:

"The trade-mark must therefore be distinctive in its original signification, pointing to the origin of the article, or it must have become such by association. And there are two rules which are not to be overlooked. No one can claim protection for the exclusive use of a trade-mark or trade-name which would practically give him a monopoly in the sale of any goods other than those produced or made by himself. If he could, the public would be injured rather than protected, for competition would be destroyed. Nor can a generic name, or a name merely descriptive of an article of trade, of its qualities, ingredients, or characteristics, be employed as a trade-mark and the exclusive use of it be entitled to legal protection. As we said in the well-considered case of Amoskeag Manufacturing Company v. Spear, 'the owner of an original trade-mark has an undoubted right to be protected in the exclusive use of all the marks, forms, or symbols, that were appropriated as designating the true origin or ownership of the article or fabric to which they are affixed; but he has no right to the exclusive use of any words, letters, figures, or symbols which have no relation to the origin or ownership of the goods, but are only meant to indicate their names or quality. He has no right to appropriate a sign or a symbol which, from the nature of the fact it is used to signify, others may employ with equal truth, and therefore have an equal right to employ for the same purpose.'"

As was said by Mr. Justice Field in Manufacturing Co. v. Trainer, 101 U. S. 51, 25 L. Ed. 993:

"The limitations upon the use of devices as trade-marks are well defined. The object of the trade-mark is to indicate, either by its own meaning or by

association, the origin or ownership of the article to which it is applied. If it did not, it would serve no useful purpose either to the manufacturer or to the public; it would afford no protection to either against the sale of a spurious in place of the genuine article. This object of the trade-mark and the consequent limitations upon its use are stated with great clearness in the case of Canal Company v. Clark, reported in the 13 Wallace."

In Elgin Nat. Watch Co. v. Illinois Watch Co., 179 U. S. 665, 21 Sup. Ct. 270, 45 L. Ed. 365, Mr. Chief Justice Fuller, delivering the opinion for the court, said:

"The term [trade-mark] has been in use from a very early date, and, generally speaking, means a distinctive mark of authenticity, through which the products of particular manufacturers or the vendible commodities of particular merchants may be distinguished from those of others. It may consist in any symbol or in any form of words, but as its office is to point out distinctively the origin or ownership of the articles to which it is affixed, it follows that no sign or form of words can be appropriated as a valid trade-mark, which, from the nature of the fact conveyed by its primary meaning, others may employ with equal truth, and with equal right, for the same purpose. And the general rule is thoroughly established that words that do not in and of themselves indicate anything in the nature of origin, manufacture, or ownership, but are merely descriptive of the place where an article is manufactured or produced, cannot be monopolized as a trade-mark. Canal Company v. Clark, 13 Wall. 311; Brown Chemical Company v. Meyer, 139 U. S. 540; Columbia Mill Company v. Alcorn, 150 U. S. 460, and cases cited."

In Kellogg Toasted Corn Flake Co. v. Quaker Oats Co., 235 Fed. 657, 149 C. C. A. 77, Warrington, Circuit Judge, delivering the opinion for the Court of Appeals of the Fourth Circuit, says:

"The doctrine of technical trade-mark is too well settled to justify an extended citation of the decisions which forbid the employment of essentially descriptive words to indicate the source of an article intended for sale in the market; and this for the manifest reason that the fact expressed by the primary meaning of such words is a fact which others are entitled to express by the same words for the same purpose. Elgin Nat. Watch Co. v. Illinois Watch Co., 179 U. S. 665, 673, 21 Sup. Ct. 270, 45 L. Ed. 365; Standard Paint Co. v. Trinidad Asph. Co., 220 U. S. 446, 453, 31 Sup. Ct. 456, 55 L. Ed. 536; Columbia Mill Co. v. Alcorn, 150 U. S. 460, 463, 14 Sup. Ct. 151, 37 L. Ed. 1144; Cellular Clothing Co. v. Maxton & Murray, [1899] A. C. 326, 333, 336, 339, 340; American Wash Board Co. v. Saginaw Mfg. Co., 103 Fed. 281, 282, 43 C. C. A. 233, 50 L. R. A. 609 (C. C. A. 6); Computing Scale Co. v. Standard Computing Scale Co., 118 Fed. at page 967, 52 C. C. A. 459; Newcomer & Lewis v. Scriven Co., 168 Fed. 621, 625, 94 C. C. A. 77; De Voe Snuff Co. v. Wolff, 206 Fed. 420, 423, 124 C. C. A. 302 (C. C. A. 6); Trinidad Asph. Mfg. Co. v. Standard Paint Co., 163 Fed. 977, 90 C. C. A. 195, affirmed in 220 U. S. 446, 31 Sup. Ct. 456, 55 L. Ed. 536; Marvel Co. v. Pearl, 133 Fed. 160, 162, 66 C. C. A. 226 (C. C. A. 2); Brennan v. Emery-Bird-Thayer Dry Goods Co., 108 Fed. 624, 627, 47 C. C. A. 532 (C. C. A. 8); William Wrigley, Jr., & Co. v. Grove Co., 183 Fed. 99, 101, 105 C. C. A. 391 (C. C. A. 2); Duplex Metals Co. v. Standard Underground Cable Co. (D. C.) 220 Fed. 989, 991."

It must therefore be held the word "Happy," by complainant attempted to be exclusively appropriated as distinctive of its products as a trade-mark or trade-name, is, in its very nature, such as to be incapable of such appropriation and extension to any and all domestic fowl and animal food products, as is attempted in this case.

[2] Coming now to the charge of unfair competition laid in the bill,

it will suffice to say the proofs do not disclose any confusion of the domestic animal feed products manufactured by complainant with that of defendant. No deception of purchasers is shown. Nor did the trial court uphold this claim of unfair competition in business.

It follows, the decree must be reversed, with directions to dismiss the bill of complaint for want of equity