PARROT SPEED FASTENER CORPORATION v. E. W. CARPENTER MFG. CO.

No. 73.

District Court, D. Connecticut.

Jan. 25, 1939.

Shapiro, Goldstein & Brody, of Bridgeport, Conn. (Schlesinger & Krinsky, of New York City, of counsel), for plaintiff.

Greenstein & Simons, of Bridgeport, Conn. (Thomas J. Byrne, of New York City, of counsel), for defendant.

THOMAS, District Judge.

This matter is before the Court on plaintiff's application addressed to the defendant to show cause why a preliminary injunction should not be granted, to continue during the pendency of the action and until the entry of final judgment. The motion is supported by the affidavits of the president and chief engineer of the plaintiff corporation. The bill was filed December 28, 1938, and the order to show cause and supporting affidavits were filed the same day.

The secretary, the estimator and the patent attorney of the defendant company, as well as three others, filed answering affidavits which clearly put in issue a number of the material facts set forth in the motion papers. Some of the facts are qualified, others are definitely denied. Such disputes on essential matters should not be decided on ex parte affidavits, but at trial on the merits, where full opportunity will be afforded both sides for examination and cross-examination of each witness, and the Court may then pass upon the disputed questions of fact.

As I view the present motion, the law applicable to the facts of this case is well stated by Judge Manton in Electric Auto-Lite Co. v. P. & D. Mfg. Co., Inc. et al., 2 Cir., 78 F.2d 700, at page 703: "If it be true, as asserted, that as soon as the plaintiff put a part on the market the defendant copied it in every detail and competed with the plaintiff in its sale, the defendant still would not be liable for unfair competition. It always marked the repair parts put out by it with its trade-mark. The evidence discloses that invariably every feature of the plaintiff's parts which are copied by the defendant is functional and necessary to the practical operation of the part. The parts are utilitarian in every detail and do not contain any ornamental features. Under these circumstances, it cannot be said that the defendant indulged in unfair competition by selling parts which look like those of the plaintiff's manufacture. No rule of law forbids a manufacturer from copying the features of the article which are essential to its use. Plaintiff has not shown that there is any feature of the part manufactured by it which is not necessary for the proper operation of such part. Therefore there was no unfair competition in manufacturing copies of such parts. A. C. Gilbert Co. v. Shemitz, 45 F.2d 98 (C.C.A.2); Luminous Unit Co. v. R. Williamson & Co. (D.C.) 241 F. 265; Marvel Co. v. Pearl, 133 F. 160 (C.C.A.2). The wrong in unfair competition consists of the sale of goods of one manufacture as those of another, but where, as here, the defendant has conducted its business so as not to palm off its goods as those of the plaintiff, there is no unfair competition. Krem-Ko Co. v. R. G. Miller & Sons, Inc., 68 F.(2d) 872 (C.C.A.2); Ely Norris Safe Co. v. Mosler Safe Co., 62 F.(2d) 524 (C.C.A.2). The only similarity of the defendant's trade-mark to that of the plaintiff is that a circle is drawn around the defendant's 'P & D' initials, and a circle is drawn around plaintiff's 'AL' initials. The defendant appears to have started first in using the circle. The plaintiff's trade-mark was registered in 1927; the defendant's predecessor, the partnership, began the use of the circle in 1926. No evidence points to deception and it cannot be reasonably claimed."

Therefore, the order to show cause is dismissed. Submit order accordingly properly consented to as to form.