**FLORASYNTH LABORATORIES, Inc. v. GOLDBERG et al.**

No. 48 C 1417.

United States District Court
N. D. Illinois, E. D.

April 26, 1949.

John F. Brezina and Bryant Buckingham, Chicago, Ill., for plaintiff.

Adams, Moses & Culver, Howard D. Moses, and Charles G. Culver, Chicago, Ill., for defendant.

SULLIVAN, District Judge.

This is an action of a civil nature between citizens of different states arising under the United States Trade-Mark Act of 1946, 60 Stat. 427, 15 U.S.C.A. §§ 1051–1127. The action is for infringement of registered trade-marks, and for unfair competition and unfair trade. Plaintiff alleges that it has been for more than thirty-three years engaged in the manufacture and sale of flavorings, essences and aromatic chemicals which reach the general buying public. That it possesses four registrations of the trade-mark Florasynth and has operated its business under the trade-name of Florasynth Laboratories, Inc., for more than thirty years, with its main office in New York, and branch offices in Chicago, Dallas, Detroit, Los Angeles, Memphis, New Orleans, San Francisco and St. Louis. Plaintiff prays that defendant, Flora Essential Oils Company, be required to answer this complaint; that the court grant a temporary restraining order and a preliminary injunction restraining and enjoining defendant from using in connection with the manufacture, advertising, offering for sale or sale of any essential oils, flavoring extracts, synthetic organic chemical compound, etc., the words "Flora Essential" or any words or designations or marks of identification or trade-name deceptively similar to Florasynth Laboratories, Inc., Florasynth or Fruitosynth. From using any name, label, container, advertisement or representation deceptively similar to the labels, containers and advertisements of plaintiff; from doing any act or thing, or using any name, design or device calculated to induce the belief that defendant's product is the product or in any way associated with plaintiff; from in any manner infringing plaintiff's trade-marks or competing unfairly with plaintiff; and that defendant be required to account to plaintiff for the profits realized by it resulting from its action herein complained of, and that such damages and profits may be trebled as provided by Section 35 of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1117; that plaintiff be granted such other and further relief as to the court may seem just; and that pending the determination of this suit defendant be commanded to deliver to the clerk of this court to be impounded all labels identical with or like plaintiff's trade-

marks and brands, and to remove or obliterate such labels from filled packages.

Defendants have filed a motion to dismiss the action on the ground that "Flora" is a descriptive word and not susceptible to being appropriated as a trade-mark; that Flora was the Roman goddess of flowers or blooming vegetation in Roman mythology; and in botany flora is used collectively for the plant growth of a district; is a descriptive word of the English language meaning flower; and that "Flora essential oils" is descriptive of the product sold by defendants. That essential oils is a term used in the trade meaning concentrates taken from flowers and fruits; that Flora Essential Oils Co. does not simulate the plaintiff's name of Florasynth Laboratories. That Florasynth is a coined word consisting of the word "flora" and a contraction of the word "synthetic"; that flora is not a word which any company can claim as its exclusive property. That plaintiff is not entitled to a trade-mark in the word "flora" it being a descriptive word and not subject to trade-mark. That plaintiff has not established any secondary meaning in the word "flora". That an order should be entered striking the complaint and dismissing defendants because plaintiff does not allege any right of action based upon unfair competition. That plaintiff's trade-mark has not been infringed as defendants have not attempted to simulate any part of the design used by plaintiff; that the name Flora Essential Oils does not in any way simulate plaintiff's name; that defendants' label does not in any way simulate plaintiff's label. That defendants' products are sold exclusively to manufacturers and dealers and not to the general public; that manufacturers are skilled buyers and would not confuse defendants' products with those of plaintiff; and that the statute relied upon by plaintiff is only for the protection of the general public and does not include manufacturers and dealers.

■ If the word "flora" is a descriptive word of common use then it is not subject to appropriation as a trade-mark. Flora was the Roman goddess of flowers or blooming vegetation in Roman mythology, and in botany "flora" is used collectively for the plant growth of a district. It is the Latin name for flower, and is extensively and commonly used. In the case of L. P. Larson, Jr. Co. v. Wm. Wrigley, Jr. Co. (Wm. Wrigley, Jr. Co. v. L. P. Larson, Jr. Co.,) 7 Cir., 253 F. 914, 915, the court said: " 'Spearmint' is a common noun, denoting flavor, and is therefore not susceptible of appropriation as a trade-mark."

And in William Wrigley, Jr. & Co. v. Grove Co. et al., 183 F. 99, 100, the Circuit Court of Appeals for the Second Circuit said: "Spearmint is a descriptive term as applied to chewing gum, and no one can deprive a manufacturer of its use or appropriate it as a trade-mark."

In Skinner Mfg. Co. v. Kellogg Sales Co., 8 Cir., 143 F.2d 895, 898, the court held that a name which is descriptive of the ingredients or characteristics of an article of trade may not be appropriated as a trademark, the court saying: "The name 'Raisin-Bran' is descriptive of ingredients of appellant's breakfast food. Without the raisins the product would appropriately have been called 'bran flakes' or 'bran.' With the raisins it was 'raisin bran' in the same sense that pie containing raisins is 'raisin pie,' that bread containing raisins is 'raisin bread', and that muffins containing raisins are 'raisin muffins.' At the time the appellant originated its product anyone was free to mix raisins with bran flakes and to call the combination 'raisin bran.' The name 'Raisin-Bran' could not be appropriated as a trade-mark, because: 'A name which is merely descriptive of the ingredients, qualities or characteristics of an article of trade cannot be appropriated as a trade-mark and the exclusive use of it afforded legal protection. The use of a similar name by another to truthfully describe his own product does not constitute a legal or moral wrong, even if its effect be to cause the public to mistake the origin or ownership of the product.' " (Citing cases.)

■ Flora Essential Oils Co. is descriptive of the ingredients or characteristics of defendants' product and does not simulate the name of the plaintiff, Florasynth Laboratories, Inc., and therefore would not confuse the public. In American Steel Foundaries v. Robertson, 269 U.S. 372, 383,

46 S.Ct. 160, 163, 70 L.Ed. 317, the Supreme Court had under consideration the appropriation of the word "Simplex" as a trademark. It was there held that this was a descriptive word of common use not subject to appropriation as a trade-mark, the court saying "The word involved in this case is one of a large class of words which have for a great many years been much used because of their peculiarly suggestive meaning. For other examples there are the words 'Acme,' 'Anchor,' 'Champion,' 'Eureka,' 'Excelsior,' 'Ideal,' 'Jewel,' 'Liberty,' 'National,' 'Pride,' 'Premier,' 'Queen,' 'Royal,' 'Star,' 'Sunlight,' 'Triumph,' 'Victor.' It would be a serious matter if the law actually permitted anyone who chose to do so to organize a series of corporations with names containing these words, respectively, and thereupon virtually withdraw these words from public use as trade-marks and monopolize them, by preventing their registry as such."

The next question for the court to consider is whether the product of defendant in appearance of package and label would be confused with the product of plaintiff. In the case of O. & W. Thum Co. v. Dickinson, 245 F. 609, 613, the Circuit Court for the Sixth Circuit said: "It is to be observed, moreover, that in testing the charge of infringement, as well as that of unfair competition, consideration must be given to the question whether the resemblances so far dominate the differences as to be likely to deceive ordinary purchasers."

I do not believe that the name Flora Essential Oils Co. in any way simulates the name of plaintiff, Florasynth Laboratories, Inc., nor do defendant's labels in any way simulate those of plaintiff.

Defendant also sets out in its motion to dismiss that its products are sold exclusively to manufacturers and dealers, not to the general public. In the case of O. & W. Thum Co. v. Dickinson, supra, the court said: "and the purchasers most to be considered are the ultimate users, rather than jobbers and retailers, since they, like all middlemen, are interested in and have the means of identifying the manufacturers of the goods they purchase."

In the case of Liggett & Myer Tobacco Co. v. Hynes, D.C., 20 F. 883, 884, the distinction between the ordinary purchaser in the exercise of ordinary care and caution and the expert or wholesaler is made, the court saying: "Nor need the resemblance be such as would deceive persons seeking the two trade-marks placed side by side, (citing cases) or such as would deceive experts, persons, because of their peculiar knowledge from their being wholesale or retail dealers, or in any other way specially conversant with the trade-mark simulated."

In Vick Chemical Company v. Vick Medicine Company, D.C., 8 F.2d 49, 52, the court said: " * * * Such issue is well stated in the brief of counsel for complainant as follows: 'If a sufficient relationship or an analogy exists between the goods to which the marks are applied as to make it likely that an ordinary buyer at retail is likely to assume from the marks upon them that they have a common source, the defendant is guilty of infringement and unfair competition. It is confusion of origin, not confusion of goods, which controls.'"

I am of the opinion that the word "flora" is a descriptive word not susceptible of being appropriated as a trade-mark, and that defendants have therefore not infringed plaintiff's trade-mark. Furthermore, I do not believe that an ordinary buyer at retail would be likely to assume from the labels that the two products had a common source.

Plaintiff cites the case of McLean v. Fleming, 96 U.S. 245, 24 L.Ed. 828, as containing the rule to be applied in both infringement and unfair competition cases: "No trader can adopt a trade mark so resembling that of another trader that ordinary purchasers buying with ordinary caution are likely to be mislead."

I am of the opinion in the instant case that ordinary purchasers buying with ordinary caution would not be mislead into believing that when they were buying defendants' products they were in fact purchasing the products of plaintiff.

Defendants' motion to dismiss is allowed.